**No. 67295.**—Bailey-Mora Company, Inc., a/c The American Import Company *v.* United States, protest 192345–K (El Paso).

FORD, Judge :   The merchandise involved in this case consists of certain so-called display hats of palm leaf, having diameters ranging from 30 inches to 50 inches, with the smallest having a circumference of about 60 inches.   This merchandise was assessed with duty at various rates under paragraph 1504(b) (2), (3), and (4) of the Tariff Act of 1930, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, 86 Treas. Dec. 121, T.D. 52739, as made effective by T.D. 52857.

Plaintiff contends said merchandise is not within the scope of paragraph 1504, *supra*, because it is not designed for use as, or worn as, headware.   It is, therefore, contended that said merchandise is properly dutiable at only 12½ per centum ad valorem under paragraph 1537(a) of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, 82 Treas. Dec. 305, T.D. 51802, as manufactures of palm leaf.

The pertinent portions of the statutes involved herein provide as follows :

Paragraph 1504(b) of the Tariff Act of 1930, as modified by T.D. 52739, as made effective by T.D. 52857, *supra:*

[1504(b)]  Hats, bonnets, and hoods, composed wholly or in chief value of \* \* \* palm leaf \* \* \* whether wholly or partly manufactured:
　　　Not blocked or trimmed \* \* \*

　　\*　　　　\*　　　　\*　　　　\*　　　　\*　　　　\*　　　　\*

(2)　Bleached, dyed, colored, or stained_____ 25¢ per doz. and 12½% ad val.

(3)　Blocked or trimmed, whether or not bleached, dyed, colored, or stained \* \* \*_____ $2.40 per doz. and 12½% ad val.

(4)　Sewed, whether or not blocked, trimmed, bleached, dyed, colored, or stained:

　　\*　　　　\*　　　　\*　　　　\*　　　　\*　　　　\*　　　　\*

　　　Not wholly or in chief value of straw_____ $1.50 per doz. and 25% ad val.

Paragraph 1537(a) of the Tariff Act of 1930, as modified by T.D. 51802, *supra:*

[1537(a)]  Manufactures of bone, grass, sea grass, horn, palm leaf (except raffia), straw, or whalebone, or of which these substances or any of them is the component material of chief value, not specially provided for_____ 12½% ad. val.

The testimony in this case establishes that the involved articles have diameters ranging from approximately 30 inches to 50 inches, with the smallest having a circumference of about 60 inches. The witness Dickson testified that the brims were not stiff and, if the articles were placed upon the head, the brim would collapse and extend over the shoulders, making it impossible for the wearer to have any vision. The witness further testified that the imported articles were not made according to headsize, were not ordered according to headsizes, and were sold to a wholesale display company; that they were not designed for wearing on the head, but were primarily used for interior store decoration and, to a minor extent, for window decoration.

While a sample of the imported merchandise is not available, the description given as to the size and construction would appear to preclude the imported articles from falling within the common meaning of the term "hat." Webster's New International Dictionary, 1929, gives the following definition:

**hat,** 1. A covering for the head, esp. one with a crown and brim, made of various materials, and worn by men or women.

From the foregoing definition, it is apparent that the imported merchandise is not a hat, within the common meaning of that term, since it is not designed to be, nor worn as, a covering for the head. If the merchandise is not dutiable under the hat provision of paragraph 1504(b) of the Tariff Act of 1930, as modified, *supra,* said merchandise must be classified according to the component material of chief value.

By virtue of the classification herein and the record, it is obvious that the involved articles are made of palm leaf. Accordingly, they seem to fit clearly within the purview of the claimed provision, paragraph 1537(a) of the Tariff Act of 1930, as modified, *supra,* as manufactures of palm leaf. To that extent, the protest is sustained.

The other claims in the protest not having been pressed, and no evidence having been adduced therefor, are, accordingly, deemed abandoned.

Judgment will be rendered accordingly.