No. 68366.—W. C. Sullivan & Company v. United States, protest 61/4527–11815 (Chicago).

· ·Ford, Judge:  The plaintiff in this action seeks to recover a portion of the duties assessed on certain merchandise, described on the invoice as a "9″ Chip Braid Tyrol Hat." The merchandise was assessed with duty at the rate of 25 per centum ad valorem, plus $1.50 per dozen, under the provisions of paragraph 1504(b) of the Tariff Act of 1930, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, 86 Treas. Dec. 121, T.D. 52739, as made effective by T.D. 52857, which provides as follows:

Hats, bonnets, and hoods, composed wholly or in chief value of * * * chip * * * whether wholly or partly manufactured:
   Not blocked or trimmed * * *:

   *          *          *          *          *          *          *

   Sewed, whether or not blocked, trimmed, bleached, dyed, colored, or stained:

   *          *          *          *          *          *          *

   Not wholly or in chief value of straw

It is the contention of plaintiff herein that said merchandise is not a hat within the purview of paragraph 1504(b) of said act and is, therefore, properly dutiable at 25 per centum ad valorem as a manufacture, wholly or in chief value of chip, under the provisions of paragraph 1537(a) of the Tariff Act of 1930, which provides as follows:

Manufactures of bone, chip, grass, sea grass, horn, quills, palm leaf, straw, weeds, or whalebone, or of which these substances or any of them is the component material of chief value, not specially provided for * * *.

The record herein consists of two exhibits and the testimony of two witnesses called on behalf of plaintiff. The first witness, Mr. Albert Strobel, merely identified plaintiff's collective exhibit 1, samples of the involved hats, which were received in evidence. The witness further identified plaintiff's exhibit 2 for identification as a so-called Stetson-style hat, made of chip. Counsel for the respective parties stipulated and agreed that plaintiff's collective exhibit 1 is in chief value of chip.

Mr. Adolf C. Harles was next called on behalf of plaintiff and testified that he is a salesman for the importer herein, whose business is dealing in carnival goods and artificial flowers; that his duties are to sell articles, such as plaintiff's collective exhibit 1, primarily in the Middle West; that he is familiar with plaintiff's collective exhibit 1; that the articles are sold exclusively to carnival jobbers and novelty houses; that he is familiar with the use to which plaintiff's collective exhibit 1 is put; that they are usually given away as premiums or favors at carnivals; that children are the principal wearers of such articles; that the colors are not fast, and the construction is quite flimsy; that they are generally worn on one occasion and then thrown away.

The witness then testified that plaintiff's exhibit 2 for identification was

another type of hat used in the same manner as plaintiff's collective exhibit 1. This article likewise had only a temporary use. The hat was then received in evidence as plaintiff's exhibit 2. Mr. Harles, on cross-examination, testified that the hats are worn by children on the tops of their heads and do not necessarily fit the heads of the wearers; that the articles are sold at wholesale for as low as $6.75 per gross, or 5 cents each, and that they would retail for about 10 cents each.

At the outset of the trial, counsel for plaintiff abandoned its claim in the protest as to all other merchandise covered by the entry.

An examination of plaintiff's collective exhibit 1 reveals the article to be a chip hat in a conical shape, which, although described on the invoice as a "Tyrol," is actually more in the shape of a coolie hat. Plaintiff's collective exhibit 1 has a head opening at its widest point of 9 inches in diameter. It is obvious that a hat with an opening of 9 inches is capable of fitting a child's head. The record herein establishes that the involved articles are used principally by children.

It is the position of plaintiff herein that the true test of whether an article is a hat or a novelty article is as set forth in *Bailey-Mora Company, Inc., et al.* v. *United States*, 50 Cust. Ct. 160, Abstract 67295. In that case, the court had before it certain so-called display hats, having a diameter range of from approximately 30 inches to 50 inches. The facts therein further indicate that the brims were not stiff and that, if the article was placed upon the head, the brim would collapse and extend down over the shoulders of the wearer, cutting off all vision. It further appears that said merchandise was not designed for wearing on the head. The court therein gave the following definition of the term "hat" from Webster's New International Dictionary, 1929:

hat, 1. A covering for the head, esp. one with a crown and brim, made of various materials, and worn by men or women.

After giving the foregoing definition, the court concluded as follows:

From the foregoing definition, it is apparent that the imported merchandise is not a hat, within the common meaning of that term, since it is not designed to be, nor worn as, a covering for the head. If the merchandise is not dutiable under the hat provision of paragraph 1504(b) of the Tariff Act of 1930, as modified, *supra*, said merchandise must be classified according to the component material of chief value.

It is apparent from the record herein that the imported merchandise falls within the common meaning of the term "hat," since it is fit to be worn as a covering for the heads of children. The fact that a hat is flimsily constructed and might not be colorfast does not detract from its being a hat, any more than a phonograph is less of a phonograph, because it is flimsily constructed, as in the case of *Louis Wolf & Co., Bing Wolf Corp.* v. *United States*, 19 Ct. Cust. Appls. 132, T.D. 45258, wherein the court made the following conclusion:

We conclude upon the record before us that the merchandise involved is a phonograph. It may be a poor one, but, as far as we are advised, it lacks no essential element necessary to entitle it to be regarded as such for tariff purposes. * * *

The articles at bar, concededly composed of chip and worn principally by children, are within the purview of paragraph 1504(b), *supra*.

The protest is, accordingly, overruled. Judgment will be entered accordingly.